UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



FILED
JUN 2 9 2010
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

PAUL CHRISTOPHER GINZL,

    Debtor.
_____/

CARLEN GINZL,

    Plaintiff,

v.

PAUL CHRISTOPHER GINZL,

    Defendant.
_____/

Case No. 6:09-bk-15478-ABB
Chapter 7

Adv. Pro. No. 6:10-ap-00015-ABB

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Complaint Seeking Exception to Debtor's Discharge (Doc. No. 1) filed by the Plaintiff Carlen Ginzl against the Defendant/Debtor Paul Christopher Ginzl ("Debtor") asserting various obligations of a Marital Settlement Agreement are nondischargeable pursuant to 11 U.S.C. Sections 523(a)(5) and 523(a)(15). The final evidentiary hearing was held on May 17, 2010 at which the parties and their respective counsel appeared. Plaintiff, pursuant to the Court's directive, filed a closing brief (Doc. No. 18). The Debtor did not file a brief.

The obligations at issue are nondischargeable and judgment is due to be entered in favor of Plaintiff and against the Debtor. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

# FINDINGS OF FACT

## *Divorce Proceedings*

The parties were married for almost thirty years and separated in 2007. They executed a Marital Settlement Agreement on December 18, 2008 ("MSA") which the Florida State Court approved, ratified, and incorporated into the Final Judgment of Dissolution of Marriage on March 18, 2009 ("Final Judgment").[1] The MSA imposes various obligations upon the Debtor including:

1. Payment to Plaintiff of "permanent periodic alimony" of $1,750.00 per month upon Plaintiff vacating the former marital residence located at 318 Balfour Drive, Winter Springs, Florida ("Balfour Drive") and to continue until she remarries or cohabits or dies.[2]

2. Assumption and payment of the two mortgages totaling approximately $269,000.00 held by Wells Fargo Bank, NA ("Wells Fargo") encumbering the Balfour Drive Property.[3]

3. Payment of one half of the 2009 homeowner's association fees for Balfour Drive and all "liens and encumbrances and all costs associated with living in the home . . . ."[4]

4. Assumption and payment of the mortgage of approximately $190,435.00 held by Wells Fargo encumbering the real property located at 1007 Birkdale Trail, Winter Springs, Florida 32708 ("Birkdale Trail").[5]

5. Assumption and payment of the mortgage of approximately $4,500.00 held by Great Eastern Resort Corporation encumbering the timeshare located at Woodstone in Massanutten, Virginia.[6]

---

[1] P's Ex. 2, 1.
[2] P's Ex. 2 at ¶23.
[3] Id. at ¶¶30.b., 35; Main Case Doc. No. 32.
[4] Id. at ¶¶30.h, 30.i.
[5] Id. at ¶31.b., 35.
[6] P's Ex. 2 at ¶¶33.b., 35.

6. Payment to Plaintiff of a "lump sum distribution" of $45,000.00 with $20,000.00 to be paid within thirty days of the execution of the MSA and the balance to be paid upon the closing of the sale of Balfour Drive "or upon the vacating of the marital residence on June 14, 2009, whichever first occurs."[7]

7. Payment of any deficiency relating to the parties' joint 2008 Federal income tax return.[8]

The MSA contains attorneys' fees and cost award provision:

> If, in the course of any subsequent litigation, either the Husband or the Wife recovers from such litigation as a result of a default, breach or deficiency, then the defaulting party shall be responsible for all court costs and attorney's fees, in reasonable amount to be determined by the Court, this Agreement being added to ensure faithful performance by both parties of the contractual obligations undertaken by them herein.[9]

The Debtor stipulated the MSA obligations were incurred by the Debtor during the course of the parties' divorce and in connection with the MSA and Final Judgment.

### *Bankruptcy Case*

The Debtor failed to fulfill certain MSA obligations and Plaintiff filed a Motion to Compel Performance against him in the Florida State Court.[10] A hearing on the Motion was scheduled for October 14, 2009.[11] The Debtor filed a Chapter 7 bankruptcy case on October 13, 2009 ("Petition Date"). His case is governed by the Bankruptcy Code as it was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

---

[7] P's Ex. 2 at ¶38. This provision was amended in the Final Judgment of Divorce to provide: "... or upon the Wife vacating the marital residence on June 14, 2009, whichever first occurs." P's Ex. 1 at p. 13, ¶15.
[8] Id. at ¶¶ 22, 39.
[9] Id. at ¶19.
[10] P's Ex. 28.
[11] P's Ex. 29

Carla P. Musselman is the appointed Chapter 7 Trustee ("Trustee"). She declared the Debtor's case an asset case and has fully administered the estate. She is poised to conclude the Debtor's case through the final report procedures.

Plaintiff filed a two-count Complaint asserting certain unfulfilled MSA obligations are nondischargeable. Plaintiff, in Count I, seeks a determination the periodic alimony and lump sum distribution obligations are nondischargeable pursuant to 11 U.S.C. Section 523(a)(5). Plaintiff asserts the Debtor has failed to timely pay the periodic alimony of $1,750.00 due monthly, but did not delineate any arrearages.

Plaintiff, in Count II, seeks a determination the following obligations are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(15): (i) the 2008 joint Federal income tax return deficiency; (ii) the Wells Fargo mortgage indebtedness encumbering Balfour Drive and Birkdale Trail; (iii) the Balfour Drive homeowner association dues; and (iv) the Great Eastern Resort mortgage indebtedness encumbering the Massanutten timeshare. Plaintiff requests an award of interest, attorneys' fees and costs.

The Debtor admits the periodic alimony obligation is nondischargeable, but asserts the remaining obligations are dischargeable because they are not in the nature of alimony or support for the Plaintiff. The Debtor erroneously bases his position upon pre-BAPCPA statutory and case law.

*Analysis*

All of the MSA obligations were incurred by the Debtor during the course of the parties' divorce and in connection with the MSA and Final Judgment. The obligations are nondischargeable by operation of law pursuant to BAPCPA.

*Permanent periodic alimony:* Plaintiff vacated Balfour Drive and is not cohabitating or remarried. The Debtor is responsible for paying Plaintiff monthly periodic alimony of $1,750.00 pursuant to the plain and unambiguous language of the MSA. The periodic alimony obligation, including any arrearages, is nondischargeable by operation of law pursuant to Sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code.

*Lump sum distribution:* The Debtor paid $20,000.00 of the lump sum distribution obligation to Plaintiff pursuant to the terms of the MSA. Plaintiff subsequently vacated Balfour Drive and the property has not been sold. A balance of $25,000.00 of the lump sum distribution award is due and owing to Plaintiff from the Debtor pursuant to the plain and unambiguous language of the MSA.

The MSA does not designate or define the lump sum distribution as alimony or support. The Debtor testified the lump sum distribution was intended to be made from the sale proceeds of Balfour Drive and he did not consider or intend the lump sum distribution to constitute alimony. Plaintiff testified she considered the lump sum distribution to constitute alimony.

Plaintiff has not established the lump sum distribution constitutes alimony or a domestic support obligation or is in the nature of support pursuant to Section 523(a)(5). The lump sum distribution obligation was incurred by the Debtor in the course of the parties' divorce and in connection with the MSA. The lump sum distribution balance of $25,000.00 due and owing to Plaintiff constitutes a nondischargeable debt by operation of law pursuant to Section 523(a)(15).

*Assumption and payment of mortgages:* The Debtor, pursuant to the plain and unambiguous language of the MSA, is obligated to assume and pay: (i) the two Wells

5

Fargo mortgages totaling approximately $269,000.00 encumbering Balfour Drive; (ii) the Wells Fargo mortgage of approximately $190,435.00 encumbering Birkdale Trail; and (iii) the Great Eastern Resort Corporation mortgage of approximately $4,500.00 encumbering the Massanutten timeshare. These mortgage assumption and payment obligations are nondischargeable by operation of law pursuant to Section 523(a)(15) of the Bankruptcy Code.

*Homeowner's association dues:* The Debtor is responsible for payment of the homeowner's association fees for Balfour Drive pursuant to the plain and unambiguous language of the MSA. Delinquent homeowner's association fees of $1,496.30 are due and owing to Avery Park Homeowner's Association for the period July 1, 2009 through January 1, 2010.[12] The Balfour Drive homeowner's association dues, including the arrearages of $1,496.30, are nondischargeable by operation of law pursuant to Section 523(a)(15).

*Tax deficiency:* The parties jointly filed a 2008 Federal income tax return and a deficiency of $2,352.23 was assessed by the Internal Revenue Service ("IRS'). The IRS timely filed a priority unsecured claim, Claim No. 2-1, for $2,352.23 pursuant to 11 U.S.C. Section 507(a)(8). The Debtor is responsible for payment of the 2008 Federal income tax deficiency pursuant to the plain and unambiguous language of the MSA. The tax debt is nondischargeable by operation of law pursuant to Section 523(a)(15).

*Attorneys' fees and costs:* Plaintiff seeks an award of her attorneys' fees and costs incurred in this adversary proceeding. She instituted this adversary proceeding as the result of the Debtor's breaches of the MSA. Plaintiff, as the prevailing party in this

---

[12] P's Ex. 6, 24.

proceeding, is entitled to an award of her reasonable attorneys' fees and costs pursuant to the plain and unambiguous language of the MSA. Such reasonable fees and costs are an obligation of the Debtor incurred in the course of their divorce and in connection with the MSA. Her reasonable fees and costs are nondischargeable pursuant to Section 523(a)(15). Plaintiff shall be directed to submit a detailed statement setting forth the fees and costs she incurred in this proceeding and the Court shall retain jurisdiction to address an award of reasonable fees and costs.

*Interest:*  Plaintiff requests in her Complaint an award of "interest" without specifying any amount, how interest is to be calculated, or a legal basis for an award of interest. Plaintiff's request for an award of interest is due to be denied.

Plaintiff has established by a preponderance of the evidence she is entitled to judgment against the Debtor pursuant to 11 U.S.C. Sections 523(a)(5) and 523(a)(15).

### *Plaintiff's Ore Tenus Motion*

Plaintiff asserted at the final evidentiary hearing: (i) she has a claim against the Debtor for the unfulfilled MSA obligations; (ii) such claim constitutes a priority unsecured claim; and (iii) her claim is superior to the IRS' claim. Plaintiff's claim discussion is in the nature of an *ore tenus* motion seeking a priority determination of her purported claim.

The Court entered an Order on May 25, 2010 inviting the Chapter 7 Trustee to present input on this matter by filing any objection to the amount, status, and/or priority of the claims of the IRS and Plaintiff. The Trustee articulated her position by presenting her Final Report to the Office of the United States Trustee and filing in the main case an Application of Trustee for Compensation. The Trustee has concluded the administration

of this case and seeks its closure. She has not objected to the IRS' claim and intends to make distribution on the claim.

No party in interest has objected to the IRS' claim and the IRS holds an allowed priority unsecured claim for $2,352.23. The IRS is entitled to distribution on its allowed claim.

The deadline for filing claims in the Debtor's case was March 18, 2010. Plaintiff did not request an extension of the claim deadline and has not filed a proof of claim. She does not hold an allowed claim. She is not entitled to distribution pursuant to the plain, unambiguous language of Section 726 of the Bankruptcy Code. The Plaintiff's *ore tenus* motion is due to be denied.

## CONCLUSIONS OF LAW

Plaintiff's Complaint is governed by 11 U.S.C. Sections 523(a)(5) and 523(a)(15). Plaintiff has the burden to establish the Debtor's unfulfilled MSA obligations are nondischargeable by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). The burden is considerable because exceptions to discharge are to "be strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

Section 523(a)(5) provides any debt constituting a "domestic support obligation" is not dischargeable. Section 101(14A) defines "domestic support obligation as a debt that is owed to or recoverable by a spouse that is "in the nature of alimony, maintenance, or support . . . of such spouse" and established by "a separation agreement, divorce decree, or property settlement agreement . . . ." 11 U.S.C. § 101(14A).

Section 523(a)(15), as enacted by BAPCPA, provides a discharge does not discharge an individual debtor from any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph [523(a)] (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.S. § 523(a)(15). BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations arising from a divorce immaterial in a dischargeability analysis. 4 COLLIER ON BANKRUPTCY, ¶523.23, at 523-124 (16th ed. 2009)

All of the MSA obligations, as stipulated by the Debtor, were incurred by the Debtor during the course of the parties' divorce and in connection with the MSA and Final Judgment. The Debtor's MSA obligations are nondischargeable pursuant to the plain and unambiguous language of 11 U.S.C. Section 523(a)(15) as enacted by BAPCPA.

The permanent periodic alimony obligation is nondischargeable pursuant to both 11 U.S.C. Section 523(a)(5) and Section 523(a)(15). The payment obligation constitutes a domestic support obligation pursuant to the MSA and 11 U.S.C. Section 101(14A). Plaintiff has not established the lump sum distribution constitutes alimony or a domestic support obligation or is in the nature of support pursuant to 11 U.S.C. Sections 101(14A) and 523(a)(5), but the obligation is nondischargeable pursuant to 523(a)(15).

Plaintiff has established by a preponderance of the evidence the following obligations and debts are nondischargeable: (i) permanent periodic alimony; (ii) the three

Wells Fargo mortgages; (iii) the Great Eastern Resort Corporation mortgage; (iv) homeowner's association dues for Balfour Drive; (v) the 2008 Federal income tax deficiency; (vi) the lump sum distribution balance of $25,000.00; and (vii) Plaintiff's reasonable attorney's fees and costs incurred in this proceeding.

Judgment is due to be entered in favor of Plaintiff and against the Debtor. A separate judgment awarding Plaintiff reasonable attorney's fees and costs shall be entered after Plaintiff's submission of a detailed fee and cost statement.

### *Plaintiff's Ore Tenus Motion*

The deadline for filing claims in the Debtor's case was March 18, 2010. The IRS timely filed Claim No. 2-1. No party in interest has objected to the IRS' claim and the IRS holds an allowed priority unsecured claim for $2,352.23. 11 U.S.C. §§ 502(a), 507(a)(8). The IRS is entitled to distribution on such claim. 11 U.S.C. §§ 502(a), 726(a)(1).

Plaintiff has not filed a proof of claim and, as a result, does not hold an allowed claim pursuant to 11 U.S.C. Section 502(a). She is not entitled to distribution pursuant to 11 U.S.C. Section 726. The Plaintiff's *ore tenus* motion is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Plaintiff does not hold an allowed claim pursuant to 11 U.S.C. Section 502(a) and is not entitled to distribution pursuant to 11 U.S.C. Section 726; and it is further

**ORDERED, ADJUDGED and DECREED** that Plaintiff's *ore tenus* motion to establish a priority unsecured claim is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Plaintiff, within fourteen (14) days of the date of entry of this Memorandum Opinion and Order, shall file a detailed statement setting forth the attorneys' fees and costs she incurred in this matter; and it is further

**ORDERED, ADJUDGED and DECREED** that the Court hereby retains jurisdiction to issue an award of reasonable attorney's fees and costs to Plaintiff.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 29th day of June, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge